### Mrs. E. A. McNeil *v.* Dr. J. H. Knapp et al.

Where, by the terms and conditions of a lease, the lessee covenants to allow no goods to be placed on the premises, which, if on the premises, would cause a forfeiture of the insurance, it is a sufficient cause for annulling the lease, if such goods are allowed on the premises with the consent of the lessee.

Default is not a necessary prerequisite to the rescission of a contract, when the party sued for its rescission has made an actual breach thereof.

APPEAL from the Fifth District Court of New Orleans, *Leaumont,* J. *E. Bermudez,* for appellant. *Elmore & King,* and *L. M. Day,* for appellee.

Hyman, C. J. Plaintiff leased to defendants the house numbered 171 on Canal street, in the city of New Orleans, from the 1st of October, 1864, to 1st of October, 1867, at a rent of $1,600 a year. Plaintiff brought suit against defendants to have the lease dissolved and the defendants expelled from the house.

Defendants answered by a general denial, and one of them claimed that they had put extensive improvements on the house; but did not ask for judgment, for the value of the improvements, against plaintiff. If such a claim could be inferred from the pleadings, it is ignored; for, by agreement, found in the record, wherein defendants declared that they did not ask for a judgment for money against plaintiff, thus reserving their right to be paid for improvements, to be settled hereafter.

The District Judge rendered judgment against plaintiff, and she has appealed from the judgment.

In the petition, plaintiff has asked to have the lease annulled, because the defendants have, in contravention of the agreement in the contract of lease, permitted to be put in the house let, goods that caused a forfeiture of the insurance thereon.

It is unnecessary to notice the other grounds alleged by plaintiff for annulling the lease, as this we deem sufficient.

Plaintiff had the house insured against fire, at the time the contract of lease was made, and continued to have it thus insured. The agreement in the policy of insurance was, that the insurance against fire should cease and be of no force, if there should be deposited, kept or stored in the house, any articles, goods or merchandise denominated hazardous, as per memorandum of the policy, so long as the articles, goods or merchandise were thus deposited, kept or stored. Among the goods named as hazardous in the memorandum are millinery goods.

In the contract of lease, the defendants agreed that they would not put anything in the house that would forfeit the insurance.

The evidence shows that the defendants sublet a part of the house to

Mrs. E. Babett ; and that, between the 1st and 7th of October, 1865, she moved into the house a stock of millinery goods, with defendants' knowledge and consent, and the goods were permitted to remain therein.

Thus was the insurance forfeited by the acts of defendants, done contrary to and in violation of their agreement in the lease, and the plaintiff had a right, on account of the acts of defendants, to rescind the contract of lease.

Defendants contend that plaintiff has not been damaged by the use that defendants made of the house, different from that intended in the contract of lease, and that, unless she has sustained a loss by such different use, she cannot obtain a dissolution of the lease. They refer us to Article 2681 of the Civil Code, to sustain their position.

It is unnecessary for us, in this case, to examine whether this article is to be interpreted as contended for by defendants, for damage may be presumed and assessed by Courts without calculating altogether in pecuniary loss or privation of pecuniary gain. C. C. 1928 § 3. And we consider that the plaintiff has been damaged.

The breach of the contract of lease by defendants exposed plaintiff to loss, and caused her to have a feeling of insecurity for her property. This feeling was a damage to her, and had she sued to recover damages for violation of the contract of lease by defendants, this Court could, in its discretion, have awarded the amount owing her as damages.

Defendants further contend, that plaintiff cannot have the contract of lease annulled, as the plaintiff has not put them in default.

Default is not a necessary prerequisite to the rescission of a contract, when the party sued for its rescission has made an actual breach thereof. 3 La. R. 331. C. C. 1926.

It is decreed that the judgment of the District Court be avoided and reversed ; and it is further decreed that the lease made by plaintiff to defendants, of the house numbered 171, on Canal street, in the city of New Orleans, be dissolved and annulled, and that the defendants be expelled from the house.

It is further decreed that, whatever claim defendants may have on the plaintiff, for improvements, be reserved to them. It is further decreed, that defendants pay the costs of this suit.